Vigilio Cantu CHAMU; Juana Bailon Carlos; Felipe Cantu Bailon; Candido Cantu Baylon, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73398.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Vigilio Cantu Chamu, Santa Ana, CA, pro se.

Juana Bailon Carlos, Santa Ana, CA, pro se.

Felipe Cantu Bailon, Santa Ana, CA, pro se.

Candido Cantu Baylon, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and HAWKINS, Circuit Judges.

MEMORANDUM **

Vigilio Cantu Chamu and Juana Bailon Carlos, and their two children Felipe Cantu Bailon and Candido Cantu Baylon, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's ("IJ") decision denying their application for cancellation of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We review the decision to deny a continuance for abuse of discretion. *See Nakamoto v. Ashcroft,* 363 F.3d 874, 883 n. 6 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners contend the IJ was biased against them. We agree with the BIA that Petitioners failed to show the IJ's conduct prevented them from "reasonably presenting their case," *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000), or that they suffered any prejudice as a result of the alleged bias, *see id.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We further reject Petitioners' contention that their due process rights were violated by the IJ's refusal to grant a continuance. The IJ did not abuse her discretion in denying the request, *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996), and petitioners failed to show prejudice, *Colmenar v. INS*, 210 F.3d at 971.

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.